# Samuel Huston, to the use of Charles P. Perot, Assignee, for the benefit of creditors, *v.* E. W. Clark, William Sellers and John Sellers, Jr., Appellants.

*Equity—Equity practice—Costs—Master's fee.*

Where the Supreme Court affirms a decree of a court of equity and dismisses the appeal with costs, the master's fee is included in the costs to be paid by the appellant; and the fact that the specific amount of the fee is not ascertained at the time of decree does not change the conclusive effect of the decree.

Argued Jan. 14, 1896.    Appeal, No. 483, Jan. T., 1895, by defendants, from decree of C. P. No. 1, Phila. Co., March T., 1882, No. 373, dismissing exceptions to taxation of costs.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Exceptions to taxation of costs in equity.

From the record it appeared that a bill in equity was filed by the appellee against the appellants on May 13, 1882, claiming to be entitled to an interest in a certain new corporation which had been formed called "The Midvale Steel Company," by virtue of an ownership which he had had in the property of a corporation known as "The Midvale Steel Works," which had been purchased by the first named company.    There was an alternative prayer for relief.

Under this bill a large amount of testimony was taken, for the purpose of establishing a resulting interest in said Midvale Steel Company on the part of the appellee.    The Hon. Amos Briggs, as master, reported in favor of the existence of such interest and a form of decree that the appellee was entitled to the same.

Upon exception to said report, filed February 7, 1888, it was decreed by the court of common pleas No. 1 that said exceptions should be sustained and that the bill should be dismissed.

Upon appeal to this court by the appellee, it was decided that he had no interest in said Midvale Steel Company, but that he was entitled to an account of the receipts and disbursements of moneys by the appellants under a certain agreement which had been entered into between him and them.

The matter was then referred to Boies Penrose, Esq., as master, with directions to report such account.   A large amount of testimony was taken by the appellee in support of his claim that he was entitled to have a sum of money.

The master reported in his favor, ordering the payment of $75,896.60.

Under exceptions to this report the court below held that all but one or two of the objections by the appellee, to the account rendered, were without foundation.   It reduced the amount in his favor to the sum of $1,546.87, with interest from December 31, 1880, but decreed that costs should be paid.   Both parties appealed to this court.   Both appeals were dismissed.

The appellee filed a bill of costs which was taxed in his favor by the prothonotary in the amount of $7,441.62.   This included a fee to the former master, Hon. Amos Briggs, of $3,000, which had been paid to him by the appellee many years before, and one to the second master, Boies Penrose, Esq., of $4,000.   The fee of the latter included a charge in favor of an expert accountant whom he had employed.

The court below, upon appeal from this taxation, reduced the fee of the Hon. Amos Briggs to $2,000, and struck off the taxation of costs for printing, viz, $210, leaving an amount taxed against the appellants of $6,231.62.

*Error assigned* was in dismissing exceptions to taxation of costs.

*John G. Johnson, Crawford & Loughlin* with him, for appellants.—It is monstrous that after setting up against the appellants the claim which this court denied, viz, that the appellee was interested in the Midvale Steel Company; after seeking, without merit, as the court below and this court held, to sur charge them with an immense amount of money; after subjecting them to a most vexatious, expensive and long continued litigation, without merit; and after he was found entitled to but $1,546.87, with interest, though he had been claiming hundreds of thousands of dollars, the appellants shall be compelled to pay master's fees to the extent of $6,000, occasioned almost exclusively by litigation over matters in which they have been held to be without blame.

*A. T. Freedley,* for appellee.—Upon July 1, 1894, this court affirmed the decree of the court below, ordering that the costs should be paid by the defendants, and dismissed the appeal : Clark's App., 162 Pa. 435.

If the defendants desired to contend that they were not liable to this master's fee as costs, they should at that time have had the costs taxed before taking their appeal : Gibson v. Cummings, 25 Pa. 231.

The exact point was ruled by this court in Janes' App., 87 Pa. 428.

PER CURIAM, January 27, 1896 :

It is unnecessary to cite authorities to show that the only question presented in this case was concluded by the final decree of this court in Clark's Appeal, 162 Pa. 435. The question of costs, including of course the master's fee now complained of, was directly involved in that case and must now be regarded as rem adjudicatam.

Decree affirmed and appeal dismissed with costs to be paid by appellants.